UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HOLLIE A. P.,<br><br>                          Plaintiff,<br><br>          v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                          Defendant. | CASE NO. 2:18-CV-01057-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting date: December 28, 2018 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of Defendant's denial of her application for supplemental security income ("SSI") and disability insurance benefits ("DIB").

After considering the record, the undersigned concludes the Administrative Law Judge ("ALJ") erred when she failed to properly consider the opinion of non-examining medical consultants. Had the ALJ properly considered the medical opinions, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and the undersigned recommends the Court reverse and remand this matter pursuant to

1  sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for

2  further proceedings consistent with this Order.

3                                    FACTUAL AND PROCEDURAL HISTORY

4          On June 24, 2014, Plaintiff filed an application for SSI and DIB, alleging disability as of

5  August 29, 2013. *See* Dkt. 8, Administrative Record ("AR") 16. The application was denied

6  upon initial administrative review and on reconsideration. *See* AR 16. A hearing was held before

7  ALJ Virginia M. Robinson on August 31, 2016. AR 115-66. In a decision dated July 26, 2017,

8  the ALJ determined Plaintiff to be not disabled. AR 16-30. Plaintiff's request for review of the

9  ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision

10  of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

11         In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to

12  adequately consider the opinions of the Commissioner's medical consultants; (2) finding

13  Plaintiff could perform her relevant past work; and (3) finding Plaintiff could perform other work

14  that exists in significant numbers. Dkt. 12, pp. 1-17.

15                                       STANDARD OF REVIEW

16         Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

17  social security benefits if the ALJ's findings are based on legal error or not supported by

18  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

19  Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

20                                          DISCUSSION

21     **I.     Whether the ALJ failed to adequately consider the opinions of the medical
                consultants.**

22

23         Plaintiff argues the ALJ erred in her consideration of the opinion of medical consultants

24  Norman Staley, M.D., and Michael Spackman, M.D. Dkt. 12, pp. 3-11.

1   The ALJ "may reject the opinion of a non-examining physician by reference to specific

2   evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citing

3   *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews*, 53 F.3d at 1041. However, all of

4   the determinative findings by the ALJ must be supported by substantial evidence. *See Bayliss*,

5   427 F.3d at 1214 n.1 (citing *Tidwell*, 161 F.3d at 601); *see also Magallanes*, 881 F.2d at 750

6   ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such "relevant

7   evidence as a reasonable mind might accept as adequate to support a conclusion."). The ALJ

8   "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393,

9   1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence'

10  without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent*,

11  739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such]

12  evidence." *Flores*, 49 F.3d at 571.

13          Dr. Staley reviewed Plaintiff's records on September 4, 2014. AR 174. Dr. Spackman

14  reviewed Plaintiff's records on January 13, 2015. AR 194. Both doctors opined Plaintiff could

15  stand or walk for a total of two hours and sit for about six hours in an eight-hour workday. AR

16  173, 193. They both opined Plaintiff should never climb ramps or stairs. AR 173, 193. Both

17  doctors concluded Plaintiff is limited to sedentary work. AR 175, 195.

18          In addressing the opinions of Drs. Staley and Spackman, the ALJ stated:

19          The opinion of the state agency medical consultant on reconsideration [Dr.
            Spackman] that the claimant was limited to light work is granted more weight
20          because he had an opportunity to review additional medical evidence indicating the
            claimant was not as impaired as assessed at the initial level. The state agency
21          medical consultant on reconsideration opined that the claimant was limited to light
            work; she could never climb ladders, ropes, scaffolds, ramps, or stairs; she could
22          frequently balance and could occasionally stoop, kneel, crouch, and crawl. The
            undersigned grants this opinion some weight as the medical consultant has great
23          program knowledge and had an opportunity to review some of the medical records.
            However, evidence received at the hearing level, including the claimant's most

24

recent negative hip imaging studies[,] are consistent with finding the claimant can occasionally climb ramps and stairs. The undersigned notes that this opinion generally supports the other physical limitations assessed in the residual functional capacity stated above.

AR 26 (internal citations omitted).

Plaintiff argues the ALJ erred in (1) stating Dr. Spackman opined Plaintiff was limited to light work, (2) finding Plaintiff could occasionally climb ramps and stairs, and (3) failing to address the opined limitation on standing/walking. Dkt. 12, pp. 5-11. Defendant does not contest that the ALJ misstated Dr. Spackman's opinion as light work rather than sedentary. However, Defendant argues any error was harmless because (1) the ALJ questioned the vocational expert ("VE") about sedentary jobs, and (2) substantial evidence supported the ALJ's conclusion that Plaintiff could climb ramps or stairs and stand or walk for more than two hours in a workday. Dkt. 13, pp. 3-11.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

1       Defendant argues even if the ALJ erred by misconstruing Dr. Spackman's opinion, the

2  error was harmless because the ALJ questioned the VE about sedentary jobs. Dkt. 13, pp. 7-11.

3       At the hearing, the VE described two jobs at the sedentary level.[1] AR 162. The VE

4  testified that neither job at the sedentary level required operation of foot controls. AR 163-64.

5  The VE did not address whether these jobs required an employee to be able to climb ramps and

6  stairs.

7       Although she found Plaintiff could perform light work, the ALJ also noted in her decision

8  that "the vocational expert was also able to list[] jobs available in significant numbers at the

9  sedentary exertional level" and indicated that Plaintiff could perform these as well. AR 29.

10  However, the ALJ did not address whether the sedentary jobs—rather than the light jobs she

11  determined Plaintiff could perform—required employees to climb ramps or stairs. Because Dr.

12  Staley and Dr. Spackman both opined Plaintiff was limited to sedentary work and could never

13  climb ramps or stairs, this was significant, probative evidence the ALJ was required to consider.

14  AR 173, 193; *see Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) ("[T]he ALJ "may not

15  reject 'significant probative evidence' without explanation."). Additionally, the ALJ needed to

16  provide specific reasons to discount this evidence. *Sousa*, 143 F.3d at 1244 (*citing Gomez*, 74

17  F.3d at 972; *Andrews*, 53 F.3d at 1041.

18       Here, the ALJ did not provide specific reasons to reject the limitation on climbing ramps

19  or stairs. The ALJ stated that "evidence received at the hearing level, including the claimant's

20  most recent negative hip imaging studies[,] are consistent with finding the claimant can

21  occasionally climb ramps and stairs." AR 26 (internal citations omitted). In support, the ALJ

22

23

24

---

[1] The VE described a third sedentary job, but Defendant concedes it requires light exertion and is therefore not applicable to an analysis of sedentary jobs. Dkt. 13, p. 6.

1  cited to two of Plaintiff's medical records. The first record is from Karen S. Dec, M.D., after an

2  X-ray of Plaintiff's lumbar spine on January 13, 2016. AR 974. Dr. Dec noted there were

3  indications of sacroiliac dysfunction. AR 974. She also stated, "There is normal bony alignment.

4  Mild loss of disc space height is seen at the L3-L4 level. No spondylolisthesis. No vertebral body

5  compression fractures. No suspicious bony lesions." AR 974. Dr. Dec also noted Plaintiff's

6  "[o]verlying bowel gas pattern is normal," with "[n]o suspicious soft tissue calcifications," and

7  that Plaintiff had a "normal range of motion, with preserved normal alignment." AR 974. Dr.

8  Dec stated her impression was "[m]ild degenerative disc disease L3-L4." AR 974.

9        The second record the ALJ cited was from a pain center evaluation in which Michael

10  Peters, M.D., reviewed Plaintiff's X-rays on February 22, 2016. AR 1095. Dr. Peters noted

11  Plaintiff's "SI joints are symmetric. There are no erosive nor any degenerative changes. The low

12  lumbar spine is unremarkable. There are no pars defects at L5. The facet joints at L4-L5 and L5-

13  S1 levels are unremarkable." AR 1095.

14        The two medical records the ALJ cited did not contain any specific information about

15  Plaintiff's ability to climb ramps or stairs. Although the medical records indicated Plaintiff's X-

16  rays were unremarkable, the doctors who reviewed them did not opine on whether pain, nerve

17  strain, or other factors could limit Plaintiff. Accordingly, the ALJ's reliance on these records to

18  conclude Plaintiff could climb ramps or stairs was conclusory and not specific. *See Sousa*, 143

19  F.3d at 1244 (stating an ALJ must cite specific evidence to reject medical opinion of non-

20  examining physician).

21        Had the ALJ properly considered Dr. Staley's and Dr. Spackman's opinions, the RFC

22  may have included additional limitations related to how often the jobs the VE listed as sedentary

23  work require an employee to climb ramps or stairs. Therefore, the ALJ's error is not harmless,

24

and the undersigned recommends the Court reverse and remand. *See Molina*, 674 F.3d at 1115. On remand, the undersigned recommends the Court direct the ALJ to reassess Dr. Staley's and Dr. Spackman's opinions, including that Plaintiff is limited to sedentary work, can never climb ramps and stairs, and cannot walk or stand more than two hours in a workday.

   **II.     Whether the ALJ erred in finding Plaintiff could perform past relevant work and other work that exists in significant numbers.**

   Plaintiff argues the ALJ erred in concluding Plaintiff could perform past relevant work as an inspector/hand packager because the findings were based on incomplete hypotheticals given to the VE. Plaintiff also argues the ALJ erred in finding Plaintiff could perform other work besides her past relevant work. Additionally, Plaintiff argues the ALJ should consider on remand additional medical evidence that was presented to the Appeals Council but not associated with the record prior to the ALJ's written decision. Dkt. 12, pp. 16-17.

   The undersigned finds the ALJ committed harmful error with regard to Dr. Staley's and Dr. Spackman's opinions. *See* Section I, *supra*. This error impacts the limitations the ALJ included in the RFC and the questions posed to the VE about which jobs would be available. As the ALJ must reassess Plaintiff's RFC, the undersigned recommends the Court also direct the ALJ to re-evaluate the findings at Step Four (and, if necessary, Step Five) in light of the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two physicians' findings). The undersigned also recommends the ALJ be directed to consider additional medical evidence Plaintiff submits on remand.

<u>CONCLUSION</u>

   Based on the above-stated reasons, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further

1    proceedings consistent with this Report and Recommendation. The undersigned also

2    recommends judgment be entered for Plaintiff and the case be closed.

3            Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

4    fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

5    6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

6    review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

7    imposed by Rule 72(b), the clerk is directed to set the matter for consideration on December 28,

8    2018, as noted in the caption.

9            Dated this 14th day of December, 2018.

10

11                                                  David W. Christel

12                                                  United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 8